# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE SPENCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11CV217 SNLJ |
| | ) |
| PEMISCOT COUNTY | ) |
| PROSECUTOR, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Michael Spencer for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Bill Carter (Pemiscot County Prosecutor), Danny Dodson (Jail Assistant Administrator), Jerry Unknown (Jail Administrator), Tommy Greenwell (Sheriff), Fred Copeland (Judge), and H. Riley Bock (New Madrid County Prosecutor).

Plaintiff was incarcerated at the Pemiscot County Jail (the "Jail") at all times relevant to the complaint. The complaint, which spans thirty-three pages, is a rambling, incoherent, and prolix list of plaintiff's day-to-day complaints regarding the Jail, some of which are clearly delusional. For instance, plaintiff claims that the water was not potable and that, instead of drinking it, he traded all of his food for coffee or milk. Plaintiff says he lost weight as a result, and he claims he lied to defendant Dodson and other jail officials to hide the fact that he had not been eating. Plaintiff also claims that the television at the jail mocked his thoughts and that he was subject to "brain washing." And plaintiff complains about several infections that would apparently come and go. Plaintiff also claims, however, that he interfered with his own medical care by saving his antibiotics and other medications instead of taking them as recommended.

Very few of the allegations pertain to the named defendants. As to Dodson, plaintiff alleges, in a conclusory manner, that he denied medical care to plaintiff on multiple occasions. Plaintiff's allegations against Carter, Copeland, and Bock all relate to the fact that he was charged of crimes and that judicial proceedings were held on those charges. There are no allegations pertaining to defendants Jerry Unknown or Tommy Greenwell.

**Discussion**

The allegations against the named defendants are wholly conclusory and fail to allege any facts, which if proved, would entitle plaintiff to relief. As a result, the complaint fails to state a plausible claim for relief under the standards of Iqbal.

Furthermore, plaintiff brings this action against defendants in their official capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of

the government entity is responsible for the alleged constitutional violation. <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

The complaint is also legally frivolous as to defendant Copeland for the reason that judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" <u>Penn v. United States</u>, 335 F.3d 786, 789 (8th Cir. 2003) (quoting <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991)).

The complaint is also legally frivolous as to defendants Carter and Bock because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." <u>Brodnicki v. City of Omaha</u>, 75 F.3d 1261, 1266 (8th Cir. 1996).

Moreover, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); see also <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat

superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Jerry Unknown or Greenwell were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants for this reason as well.

Finally, to state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff has not alleged sufficient facts to demonstrate either that he suffered from an objectively serious medical need or that defendant Dodson knew of, but deliberately disregarded, such a need. As a result, plaintiff's claims for medical mistreatment fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to refiling as a fully paid complaint.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this  9th  day of December, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE